UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case Number 05-460 (RBW) |
| | : | |
| | : | Grand Jury Original |
| | : | |
| | : | Violations: |
| v. | : | 18 U.S.C. § 641 |
| | : | (Theft of Government Property of over $1,000) |
| | : | 18 U.S.C. § 2 |
| | : | (Causing an Act to be Done) |
| JUDITH JAMISON, | : | 22 D.C. Code §§ 3221(a) and 3222(a)(1) |
| Defendant | : | (Fraud in the First Degree) |

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, defendant JUDITH JAMISON ("JAMISON") and the United States agree and stipulate as follows:

1. Defendant JUDITH JAMISON ("JAMISON") was the niece of S.A., who received annuity payments based on S.A.'s status as the widow of a District of Columbia Fire Department pensioner. S.A., who died on June 7, 1999, was entitled to receive annuity payments until her death. Neither defendant JAMISON, nor anyone else, was entitled to receive these annuity payments after S.A.'s death.

2. The United States government funded the annuity that S.A. received, based on information that it obtained from the District of Columbia government. At the time of S.A.'s death, the United States government caused the annuity payments to be directly deposited into an account that S.A. maintained at the Mount Vernon Branch of NationsBank, located at 635 Massachusetts Avenue, N.W., in Washington, D.C. ("S.A.'s account"). S.A. was the sole signatory on this account.

3. From July 1999 until February 2001, the United States government continued to cause

$31,782 in annuity payments to be deposited into S.A.'s account. The dates and amounts of these deposits were:

| Date of Deposit | Amount |
| --- | --- |
| 7/1/99 | $1,566 |
| 8/2/99 | $1,566 |
| 9/1/99 | $1,566 |
| 10/1/99 | $1,566 |
| 11/1/99 | $1,566 |
| 12/1/99 | $1,566 |
| 1/3/00 | $1,566 |
| 2/1/00 | $1,566 |
| 3/1/00 | $1,566 |
| 4/3/00 | $1,608 |
| 5/1/00 | $1,608 |
| 6/1/00 | $1,608 |
| 7/3/00 | $1,608 |
| 8/1/00 | $1,608 |
| 9/1/00 | $1,608 |
| 10/2/00 | $1,608 |
| 11/1/00 | $1,608 |
| 12/1/00 | $1,608 |
| 1/2/01 | $1,608 |
| 2/1/01 | $1,608 |

4. From in or about July 1999 through in or about February 2001, JAMISON embezzled and knowingly converted the $31,782 in annuity payments through a number of means, including presenting for payment checks drawn on S.A.'s account and bearing the signature of the deceased S.A. and transferring money from S.A.'s account to an account in which JAMISON and the then-deceased S.A. were co-signatories ("joint account").

5. JAMISON's transfers from S.A.'s account to the joint account included:

| Date of Transfer | Amount | Date of Transfer | Amount | Date of Transfer | Amount |
|---|---|---|---|---|---|
| 7/1/99 | $1,600 | 1/4/00 | $200 | 6/6/00 | $300 |
| 7/13/99 | $500 | 1/14/00 | $300 | 6/12/00 | $75 |
| 8/4/99 | $1,800 | 2/2/00 | $1,000 | 7/3/00 | $700 |
| 9/1/99 | $800 | 2/7/00 | $475 | 7/3/00 | $400 |
| 9/22/99 | $670 | 3/1/00 | $1,000 | 7/6/00 | $200 |
| 10/1/99 | $700 | 3/3/00 | $400 | 10/2/00 | $1,400 |
| 10/13/99 | $100 | 3/6/00 | $200 | 11/1/00 | $800 |
| 10/14/99 | $350 | 4/3/00 | $1,000 | 11/2/00 | $200 |
| 10/25/99 | $350 | 4/3/00 | $350 | 11/2/00 | $100 |
| 11/2/99 | $600 | 4/4/00 | $200 | 12/1/00 | $600 |
| 11/4/99 | $350 | 5/1/00 | $700 | 12/4/00 | $419 |
| 11/8/99 | $400 | 5/1/00 | $500 | 12/6/00 | $200 |
| 12/2/99 | $1,000 | 5/2/00 | $300 | 12/7/00 | $100 |
| 12/8/99 | $400 | 5/5/00 | $100 | 01/02/01 | $1,500 |
| 12/10/99 | $300 | 6/1/00 | $600 | 02/01/2001 | $1,500 |
| 1/3/00 | $1,000 | 6/5/00 | $600 | 02/09/01 | $50 |

6. In order to make the above listed transfers, JAMISON falsely caused NationsBank to believe that JAMISON had the authority to make the transfers out of S.A.'s account.

KENNETH L. WAINSTEIN
United States Attorney


By: _____
HOWARD R. SKLAMBERG
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

      I have ready every word of this Statement of Offense. Pursuant to Fed. R. Crim. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.


Date: _____                    _____
                                                                     JUDITH JAMISON
                                                                      Defendant


      I have discussed this Statement of Offense with my client, Judith Jamison. I concur with her decision to Stipulate to this Statement of Offense.


                                                                         _____
                                                                        VANDY L. JAMISON, Jr., Esq.
                                                                        Counsel for the Defendant