UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>**P**LAINTIFF )<br>)<br>v. )<br>)<br>JUDITH JAMISON )<br>)<br>**D**EFENDANT. )<br>_____ ) | No. CR-05-460-01 |

**MOTION TO EXTEND BUREAU OF PRISONS SURRENDER DATE
PENDING MEDICAL REVIEW**

**COMES NOW** the Defendant, **JUDITH JAMISON**, by and through undersigned counsel, and respectfully makes this Motion to Extend Bureau of Prisons Surrender Date an additional 62 calendar days, to Tuesday, November 14, 2006, pending medical review by community physicians and specialists, and the Federal Bureau of Prisons ("BOP"). Defendant Jamison seeks this stay of surrender to provide the BOP with current and complete information regarding Defendant Jamison's medical conditions and needs, and to resolve with the BOP whether designation to the intensely-overcrowded FCI Danbury is indeed appropriate to Defendant Jamison's medical needs and continuing health maintenance over her six months of incarceration. In support of this Motion, the Defendant states as follows:

1.  Defendant Jamison pled guilty on March 10, 2006, to one count of Theft of Government Property, in violation of 18 U.S.C. § 641.

2.  Defendant Jamison underwent her interview for the instant Presentence Investigation Report ("PSI") on or about March 31, 2006, which interview she completed without appearance of counsel.

3. On an oral (sidebar) motion from prior defense counsel, on or about June 28, 2006, and based upon defense counsel's inability to reconcile seemingly inconsistent statements from his client, to include questions about her educational achievements at and surrounding a previous hearing, this Honorable Court ordered Defendant Jamison to undergo a forensic review assessing her competency to proceed with sentencing. *See* Hearing Transcript (hereinafter, "Hrg. Tr.," 6/28/2006, at 6, lines 18-21.

4. On the Court's order, on or about June 29, 2006, Defendant Jamison underwent a 65-minute competency interview with Licensed Psychologist Mary Elizabeth Kenal, Ph.D., of the District of Columbia's Department of Mental Health, Forensic Services Administration, Legal Services Branch; Dr. Kenal found Defendant Jamison competent to undergo the instant sentencing. *See* Dr. Kenal Letter to Court, June 29, 2006 [attached hereafter as Exhibit "1"].

5. After finding no competency issues that prevented the instant sentencing, this Honorable Court sentenced Defendant Jamison on July 7, 2005, to 6 months' imprisonment, and ordered her to self-surrender to the penal facility designated by the BOP for service of the instant sentence. *See* Judgment in a Criminal Case (J&C), <u>filed</u> July 19, 2005, at 1-2.

6. At no time before sentencing does the instant matter's docket show that defense counsel raised objections or explications of the PSI, particularly as regards her myriad of health problems and treatment needs, nor does the docket reflect any additional submissions to the Court, such as a physician's diagnostic letter or direct interview in the PSI process, to update or clarify Defendant Jamison's nearly six-month-old medical *self*-reporting.

7. After her sentencing, Defendant Jamison retained the undersigned counsel to represent her in matters relating to her surrender to and her placement within the BOP, and also her

subsequent health care within the BOP's medical services divisions; the undersigned counsel only began to review the instant case after sentencing, and adoption of the PSI, and has had no prior opportunity to develop Defendant Jamison's medical situation or needs. *See* Declaration of Michael E. Lawlor, Declaration, September 11, 2006, submitted herewith.

8. By letter dated August 22, 2006, Senior United States Probation Officer and Voluntary Surrender Program Coordinator Sondrá A. Rhodes notified Defendant Jamison the BOP had designated her to the Federal Correctional Institution ("FCI") Danbury, Connecticut, and that Defendant Jamison was to surrender herself to FCI Danbury no later than 2:00 p.m. on Thursday, September 14, 2006.

9. By Order issued and filed August 24, 2006, this Honorable Court set Defendant Jamison's self-surrender as no later than 2:00 p.m. on Thursday, September 14, 2006, at FCI Danbury, Connecticut.

10. The BOP has promulgated inmate medical co-payment regulations, as stated to promote inmate respect for the BOP's health care system, but also in effect partially offsetting the high costs of BOP medical service. *See, e.g.*, 28 C.F.R. §§ 549.70-549.74; USDOJ–FBOP Program Statement (P.S.) P6031.02, *Inmate Copayment Program* (eff. 10/3/2005) [BOP program statements available online via the BOP's website *http://www.bop.gov/DataSource/execute/dsPolicyLoc*].

11. Counsel respectfully notes numerous news media attentions paid to the wanting health care and sometimes fatal medical neglect available to inmates in the overcrowded BOP. *See, e.g.*, Libby Keeling, "Family cherished Fortwendel to the end," *Evansville (Indiana) Courier & Press*, April 29, 2006, available online at *http://www.courierpress.com/ecp/news/article/0,1626,ECP_734_4660126,00.html* (cancer-diagnosed

female inmate transferred to Federal Medical Center ("FMC") Carswell, Texas, but left untreated for six months); Betty Brink, "Hospital of Horrors: Time in Carswell's prison medical facility can be a death sentence for women prisoners," *Fort Worth (Texas) Weekly*, October 19, 2005 (documenting numerous cases of medical neglect, policy violations, and BOP refusals to allow transparent practice examinations, even within FMC Carswell); John Marzulli, "Feds to pay ex-con $1.1m: Jailers misdiagnosed his cancer," *New York (New York) Daily News*, September 5, 2005, available online at *http://www.nydailynews.com/front/story/343549p-293241c.html/* ("'It appears from the BOP records that the medical staff . . . might have regarded Lopez as a chronic complainer, malingerer or a hypochondriac,' Federal Judge Charles Sifton wrote in a 61-page decision issued Aug. 26 after a nonjury trial last March."); *accord Lopez v. United States*, Case No. 03-CV-1729 (E.D.N.Y. 2005) (Sifton, U.S.D.J., presiding) (above-mentioned judgment against BOP and specific defendants at FCIs Fort Dix, New Jersey; Allenwood, Pennsylvania; and Loretto, Pennsylvania [true copy of docket report attached hereafter as Defendant's Exhibit "2"].

  12. FCI Danbury itself, a female-only facility, has been warned in the past by the United States Department of Health and Human Services, Food and Drug Administration ("FDA") about its substandard mammography practices and capabilities. *See* Gail T. Costello, New England District Director, to BOP Medical Director Newton E. Kendig II, M.D., FDA Warning Letter NWE-22-03W, dated July 29, 2003, and available online at *http://www.fda.gov/foi/warning_letters/g4229d.htm.*

  13. As of July 2006, the BOP's Health Services Division advertised for hundreds – literally, six pages worth – of medical post vacancies, including the needs for nurses and a pharmacist at FCI Danbury; in that employment advertisement, the BOP specifically stated: "There

are multiple vacancies in most of the institutions listed for nurses!" *See Current Health Services Vacancies for the Federal Bureau of Prisons*, attached hereafter as Defendant's Exhibit "3."

14. Compounding FCI Danbury's shortage of nurses and pharmacists, FCI Danbury stands a grossly-overcrowded facility: including both the main, low-security FCI and its satellite minimum-security camp, Danbury currently stands about **229 %** the capacity of inmates for which the BOP has rated the facility qualified; this week FCI Danbury housed 1,499 inmates, while the BOP has found FCI Danbury's rated capacity to be 654 inmates. *Compare* FOIA Response dated January 6, 2005, including BOP Capacity Report dated 12-06-2004 [attached hereafter as Exhibit "4"] to Weekly Population Report for Thursday, September 7, 2005, 12 a.m. [available online at http://www.bop.gov/locations/weekly_report.jsp]).

15. With so many more inmates than even the BOP's own rated capacity would allow, logic indicates that individual inmates find access to any programming – including short-staffed medical facilities and personnel – at a premium.

16. Should Defendant Jamison require more than standard review by FCI Danbury's physician assistants, she would be unable to seek transfer as a matter of course within her six-month term of incarceration; she would instead have to rely on extraordinary reasons for request that typically include programming or medical necessity, and must thereafter undergo typical bureaucratic delays, or otherwise get in line at the grossly overcrowded FCI Danbury.

17. Extension of Defendant Jamison's date for surrendering to the Federal Bureau of Prisons, until Tuesday, November 14, 2006, on the other hand, will allow undersigned counsel to refer Defendant Jamison to all appropriate physicians for current diagnoses and treatment regimen of her co-morbid maladies; to provide the BOP with current and complete data regarding Defendant

Jamison's medical needs; and to allow the BOP ample opportunity, through its Medical Designator's Office at Central BOP Office, in Washington, D.C., to review the instant designation and ensure Defendant Jamison does not require placement at a female-specific Federal Medical Center ("FMC") – such as in Carswell, Texas – as opposed to six-months imprisonment at FCI Danbury.

18.    Wherever the BOP determines Defendant Jamison's designation to be appropriate, current and complete diagnostic overviews will prepare the overcrowded and short-staffed BOP medical and correctional services divisions for this elderly and infirm Defendant better than if the Court forced BOP's reliance on a stale self-report from the PSI.

**WHEREFORE,** the Defendant would request this Motion to Extend Bureau of Prisons Surrender Date Pending Medical Review be granted.

Respectfully submitted this 11th day of September, 2006,

S/_____
Michael E. Lawlor
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 704
Greenbelt, Maryland 20770
301.474.3404

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to Howard Sklamberg, Esq., Office of the United States Attorney, 555 Fourth Street, N.W., Room 5882, Washington, D.C. 20530, this 11th day of September, 2006.

S/_____
Michael E. Lawlor