### GOVERNMENT OF THE DISTRICT OF COLUMBIA
### DEPARTMENT OF MENTAL HEALTH



Forensic Services Administration
Legal Services Branch
John Howard Pavilion
St. Elizabeths Campus
2700 Martin Luther King, Jr. Ave., SE
Washington, DC 20032
Tel: (202) 645-8788
Fax: (202) 373-1764

June 29, 2006

The Honorable Reggie B. Walton
United States Judge
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

Re: Jamison, Judith
Case #: 05-460

My dear Judge Walton:

In response to a court order, I conducted a competency examination of Ms. Judith Jamison on June 29, 2006 in the Legal Services outpatient office located in the DC Superior Courthouse. The purpose of this examination was to assist the Court in its determination of the defendant's competency to participate in sentencing. Ms. Jamison is a 62-year-old woman who entered into a plea agreement after being charged with Theft of Government Property of Over $1,000 (18 USC #641), Causing an Act to Be Done (18 USC #2) and Fraud in the First Degree (22 DC Code ## 3221(a) and 3222 (a) (1).

This report is based on a 55-minute interview with the defendant and review of the Mental Competency Screening Examination Order, Pretrial Services Agency Report, data from the DC Department of Mental Health computerized consumer information system, the Grand Jury's Statement of Charges, and urine drug screening test results. Ms. Jamison was informed of the nature and purpose of this examination and the limits of confidentiality.

Ms. Jamison arrived about 45 minutes prior to her scheduled appointment. She was neatly and appropriately dressed and walked with the aid of a cane. Ms. Jamison indicated that she suffered from problems with her back and knees. She submitted a list of her medications including Hydrocodone, Vesicare, Zanaflex, Oxycodone (indicated she doesn't take his one due to side effects), Percoset, and Combunix. These medications are to assist with pain management.

Upon mental status examination, Ms. Jamison was alert, cooperative and fully oriented. Her affect was labile as the stress of her situation and the accumulation of recent losses of family and friends often brought her to tears. In general, however, her affect was appropriate to the matters discussed. Her speech was normal in tone, volume and content, and her conversation was logical

Jamison, Judith                                                                    2

and coherent. There was no behavioral evidence of hallucinations, delusions, bizarre thought control, or suicidal/homicidal ideation or intent during the evaluation session.

Ms. Jamison's attention, concentration, and mathematical and abstract thinking abilities appeared unimpaired. Her memory for recent and remote events seemed relatively intact. She reported losses in short-term memory that appear to be stress-related. She was able to recall two of three simple words following a brief delay. Her judgment and insight appeared adequate.

According to the DC Department of Mental Health's computerized consumer information system, Ms. Jamison never sought treatment at any public mental health facility in the District of Columbia. She has no record of being evaluated by the Forensic Services Administration.

Ms. Jamison reported that she was hospitalized at the Washington Hospital Center in the early 1970s. Upon discharge, she attended outpatient therapy for a time. Ms. Jamison indicated that she had been very sad at the time of her hospitalization and considered herself to be suffering from depression. Ms. Jamison denied recent periods of hospitalization for psychiatric reasons. Despite the fact that she has suffered a number of major losses among the members of her family, she has not sought grief counseling. Currently she is not taking any psychotropic or anti-depressant medication.

Ms. Jamison's physical problems and chronic pain appear to have negatively influenced her mental health. She reported mood swings, irritability and loss of temper control as well as subjective feelings and vegetative symptoms associated with depression.

Urine drug screening test results from 1/19/06 were negative for cocaine, PCP, and opiates. Routine screening does not include testing for metabolites of cannabis or alcohol. Ms. Jamison indicated that she never used illegal drugs. She reported only occasional use of alcoholic beverages.

The defendant has a basic knowledge of the judicial process in which she is currently involved (sentencing). She understands the roles of various court officials involved in this procedure. She was aware of the charges against her and their gravity and understood the concept of plea-bargaining. She recognized that her sentence represents the penalty for the crime to which she entered a guilty plea. In addition, she was aware of the necessity and importance of co-operating with her lawyer and of behaving appropriately in a courtroom.

On the basis of this evaluation, it is my opinion that Ms. Jamison is competent for sentencing because mental health factors do not substantially impair her capacity to have a factual and rational understanding of the proceedings and to properly work with counsel.

Respectfully submitted,                              Reviewed by:

Mary E. Kunel, Ph.D                                 Christiana I. Zeichner Ph.D, LICSW

Mary Elizabeth Kunel, Ph.D.                          Christiana I. Zeichner, Ph.D., LICSW
Licensed Psychologist                               Chief, Pretrial Services